UNION GESELLSCHAFT FUR METAL INDUSTRIE COMPANY, d/b/a Union Frondenberg USA Company, Plaintiff-Appellant, v. ILLINOIS INSURANCE GUARANTY FUND, Defendant-Appellee.

Fifth District   No. 5—88—0584

Opinion filed October 31, 1989.

Stephen J. Hough, of Croegaert & Clark, Ltd., of Olney, for appellant.

Lord, Bissell & Brook, of Chicago (Don W. Fowler, Hugh C. Griffin, and Nancy Shaw, of counsel), for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Union Gesellschaft Fur Metal Industrie Company (Union), d/b/a Union Frondenberg USA Company, is a West German corporation registered in the State of Illinois engaged in the business of manufacturing bicycle pedals. Union maintained a products liability insurance policy issued by Ideal Mutual Insurance Company (Ideal). This policy provided Union with coverage of up to $500,000 for each occurrence and was in effect for a period beginning January 21, 1983, and ending November 21, 1984.

On February 7, 1985, Ideal was liquidated by order of the New York Supreme Court. This order of liquidation provided that any and all claims of its insured had to be filed with the liquidator on or before February 7, 1986. On January 29, 1986, Union filed with the liquidator proofs of claim for all claims of which Union had knowledge which arose during the period that Ideal's policy with Union was in effect.

Union also filed a contingent claim as part of its proof of claim which included the following language:

"(A) Claim is made and notice is given for each known claim/suit made against UNION FRONDENBERG of which UNION FRONDENBERG has knowledge as of the date hereof, which claim/suit arose during the period of IDEAL coverage of UNION FRONDENBERG from January 1, 1983 to November 21, 1984.

(B) In addition to the claims referred to in paragraph A above, UNION notifies the liquidator of claims coverage for each and every claim or suit after the date hereof, contingent or real, wherein a person was allegedly injured due to a defective product manufactured by UNION FRONDENBERG, which injury/claim arose during the period of time that UNION FRONDENBERG was covered by a policy of product liability insurance written by Ideal Mutual Insurance Company, for the period January 1, 1983 to November 21, 1984, even though such claim/suit is unasserted and unknown to UNION FRONDENBERG, the Illinois or any state guaranty fund, or the New York Department of Insurance Liquidator Bureau as of the date hereof."

Subsequent to February 7, 1986, Union received notice of two suits which arose during the period of time that Ideal's insurance policy had been in effect. Union forwarded all information that it had regarding these suits to the Illinois Insurance Guaranty Fund (Illinois Fund). The Illinois Fund denied any fund coverage for the two claims because specific notice of the claims was not given to the liquidator prior to February 7, 1986.

Union filed a complaint for declaratory judgment in the circuit court of Richland County. Union asked the court to enter an order declaring coverage be afforded for the above two claims as well as any other claims that might arise in the future as a result of injuries that occurred during the period that Ideal's products liability policy was in full force and effect. Illinois Fund subsequently filed a motion for summary judgment, asserting that a claim not timely filed is not a covered claim, and even though a general proof of claim was timely filed by Union, it did not contain specific information concerning the two claims. The Illinois Fund also argued that it should not be responsible for any other claims that Union may have in the future as a result of injuries that occurred during the period that Ideal's products liability policy was in full force and effect. Union filed its reply to defendant's motion for summary judgment, the court heard argu-

ments, and summary judgment was granted in favor of Illinois Fund. It is from this order that this appeal arises.

Union is engaged in the business of manufacturing bicycle pedals. These bicycle pedals are shipped to bicycle manufacturers and retail shops throughout the United States. Union argues that due to the nature of products liability claims and due to the fact that bicycles are primarily used by minors, it is impossible for it to file within one year all specific claims that arose during the period that the policy was in full force and effect. Union contends on appeal that the court erred in entering summary judgment in defendant's favor since the contingent claim filed by Union on January 29, 1986, constituted a timely claim as to potential covered claims which could be filed and which arose during that period that Union was covered by Ideal's policy. We disagree.

■ The purpose of the Illinois Insurance Guaranty Fund is to "provide a mechanism for the payment of *covered claims*," not necessarily all claims. (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 73, par. 1065.82.) Union cites the case of *Lucas v. Illinois Insurance Guaranty Fund* (1977), 52 Ill. App. 3d 237, 367 N.E.2d 469, for the proposition that the statutory purpose of the Fund is to place claimants in the same position that they would have been in if the liability insurer had not become insolvent, and that, therefore, its contingent claims must be covered by the Fund. In *Lucas* the question was not whether plaintiff's claim was a covered claim under the act, but whether the act required that the amount collected by the claimant from his own carrier be deducted from the policy limits of the policy issued by the insolvent carrier. The court, in holding in the affirmative, did not address the issue of covered versus noncovered claims.

■ It is uncontroverted that the court's order of liquidation in the instant case provided that any and all claims of the insured had to be filed on or before February 7, 1986. Union contends that the two specific claims it filed after February 7, 1986, should not have been denied because defendant had notice of the claims via the contingent claim Union filed prior to February 7, 1986. Union argues that the purpose of the act was to eliminate the risk for policyholders doing business with an insolvent insurer. Although that indeed is the purpose of the act, the timely filing requirement of section 540.5 (Ill. Rev. Stat. 1987, ch. 73, par. 1065.90—5) indicates that the legislature did not intend to make this protection absolute, indemnifying all claims, including contingent claims.

■ Legislative intent should be sought primarily from the language of the statute. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139,

361 N.E.2d 585, 587.) The express language of section 540.5 mandates that in the instant case in order to be considered covered claims, notice of the two specific claims had to have been given in writing to the liquidator prior to the last date fixed for the timely filing of proofs of claim, which in this case was February 7, 1986. The statute does not prescribe with particularity what a proof of claim is to contain, but the statute does state that "[a] covered claim *** is a claim which appears on the books and records of the insolvent company as of the date of the Order of Liquidation or a claim for which notice is given in writing *** prior to the earlier of the last date fixed for the timely filing of proofs of claim *** or 18 months after the entry of the Order of Liquidation." (Ill. Rev. Stat. 1987, ch. 73, par. 1065.90—5.) If we were to hold that the filing of a contingent claim was sufficient for purposes of being deemed a covered claim, the statutory filing deadline would have no meaning. Liquidation and distribution of the insolvent company's assets could not be effected until all potential statutes of limitation had run.

The requirement in the statute that claims be filed on or before the last date fixed for the filing of proofs of claim evidences an intent by the legislature to provide a cutoff date after which the Illinois Insurance Guaranty Fund is no longer obligated to indemnify claims. Union's ignorance of the two specific claims against it is not recognized by statute to forgive a late filing of notice of the claims. While Union could not have filed any information respecting the two specific claims by the filing deadline of February 7, 1986, Union's plight is not to be remedied by this court. Courts have no legislative powers, and their sole function is to determine and, within constitutional limits of the legislative power, give effect to the intention of the lawmaking body. *Droste v. Kerner* (1966), 34 Ill. 2d 495, 504, 217 N.E.2d 73, 79.

The contingent claim did not constitute a valid proof of claim; therefore, the trial court did not err in entering summary judgment in defendant's favor.

Affirmed.

WELCH, P.J., and HOWERTON, J., concur.