MONICAL MACHINERY COMPANY v MICHIGAN PROPERTY &
CASUALTY GUARANTY ASSOCIATION

Docket No. 119763. Submitted April 9, 1991, at Grand Rapids. De-
cided June 17, 1991, at 9:05 A.M. Leave to appeal sought.

Monical Machinery Company brought an action in the Kent
Circuit Court against the Michigan Property and Casualty
Guaranty Association, alleging that the defendant, as ancillary
receiver in the liquidation of the Ideal Mutual Insurance Com-
pany, the plaintiff's insolvent New York insurer, breached an
obligation to defend and indemnify the plaintiff in an action
filed by Scott Bushey. Ideal Mutual had been adjudged insol-
vent by a New York court on February 7, 1985, and February
7, 1986, was set as the last date for filing claims against Ideal
Mutual. In January 1986, the plaintiff filed with the New York
Superintendent of Insurance and the defendant blanket claims
seeking protection from liabilities not yet known. After Bushey
filed suit against the plaintiff on February 6, 1987, it filed
amended claims reflecting the Bushey suit. The defendant
rejected the amended claim, prompting the plaintiff to bring its
action. The court, Dennis C. Kolenda, J., granted summary
disposition for the defendant, determining that the plaintiff's
blanket claim was not covered under the Michigan Property
and Casualty Guaranty Association Act, MCL 500.7901 et seq.;
MSA 24.17901 et seq. The plaintiff appealed.

The Court of Appeals held:

The Michigan Property and Casualty Guaranty Association
Act, whose purpose is to protect the public against financial
losses to policyholders or claimants due to the insolvency of
insurers, provides its protections to those who have presented a
"covered claim," defined by the act as a claim that is presented
to the defendant association on or before the last date fixed for
the filing of claims at the insurer's insolvency proceedings in its
domiciliary state. A blanket claim like that in this case, how-

REFERENCES

Am Jur 2d, Insurance §§ 98, 103, 106.
Validity, construction, and effect of statute establishing compensa-
tion for claims not paid because of insurer's insolvency. 30
ALR4th 1110.

ever, cannot be construed as a covered claim under the act. To do so would render the deadline for filing claims meaningless and contravene the legislative intent of setting a limit to the association's liability.

Affirmed.

INSURANCE — PROPERTY AND CASUALTY GUARANTY ASSOCIATION ACT — COVERED CLAIMS — BLANKET CLAIMS.

A blanket claim, which seeks protection from liabilities not yet known, filed with an insolvent insurer's liquidation receiver in its domiciliary state or with the Michigan Property and Casualty Guaranty Association as ancillary receiver, is not a covered claim under the Michigan Property and Casualty Guaranty Association Act (MCL 500.7925; MSA 24.17925).

*Gruel, Mills, Nims & Pylman* (by *J. Clarke Nims* and *Brion J. Brooks*), for the plaintiff.

*Dykema Gossett* (by *Donald S. Young, Jeffrey M. Lipshaw,* and *Suzanne Sahakian*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and BRENNAN, JJ.

BRENNAN, J. Plaintiff appeals as of right from a July 24, 1989, order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant Michigan Property and Casualty Guaranty Association (MPCGA). Plaintiff filed suit claiming defendant failed to fulfill its contractual obligations by refusing to defend and indemnify plaintiff in a suit filed against it. We affirm.

Plaintiff, who is situated in Michigan, was an insured of the Ideal Mutual Insurance Company, a New York insurer. On February 7, 1985, Ideal Mutual was adjudged insolvent by the New York courts and was placed in liquidation. The Superintendent of Insurance of the State of New York was appointed as liquidator. The February 7, 1985, order fixed the last date for filing claims against

Ideal Mutual as February 7, 1986. A *notice of liquidation* was sent to all insureds of Ideal Mutual. Paragraph VI of this notice directed all policyholders to file a claim for policy protection purposes regardless of whether a specific claim had been filed against the policyholder.

In January 1986, plaintiff filed "blanket claims" in New York and with the MPCGA, the entity created by the Michigan Property and Casualty Guaranty Association Act (MPCGAA).[1] The claim filed with the MPCGA asked for protection "for liabilities against Monical Machinery Company as respects to [sic] matters unknown to it at this time." The claim filed in New York was virtually the same. On February 6, 1987, Scott Bushey filed suit against plaintiff in the Kent Circuit Court. Plaintiff amended its blanket claims both here and in New York to reflect the Bushey suit. The MPCGA refused to accept the Bushey claim on the ground that the amended claim was filed after the cutoff date for filing claims. In January 1988, the Bushey case was settled for $175,000.

Plaintiff then filed the instant action, claiming that defendant failed to fulfill its contractual obligations by refusing to defend and indemnify plaintiff on the Bushey claim. On July 24, 1989, the court issued an opinion and order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). The trial court found that it was not bound by determinations made by the New York liquidator regarding the blanket claim filed by plaintiff. The trial court held that plaintiff's blanket proof of claim filed with the New York Liquidation Bureau was not a claim within the meaning of either the MPCGAA or the Uniform

---

[1] MCL 500.7901 *et seq.*; MSA 24.17901 *et seq.*

Insurers Liquidation Act[2] and therefore could not be amended after the deadline set for filing claims in the New York liquidation proceeding. Therefore, the trial court found that defendant had no obligation to defend or indemnify plaintiff in the suit filed against it.

On appeal, plaintiff claims the trial court erred in granting summary disposition to defendant. Plaintiff maintains that its original blanket claim was timely filed and the New York Insurance Commissioner properly related back the amendment of the claim to the date of the filing of the original blanket claim. Plaintiff further argues that this Court is bound by the decision of the commissioner and the domiciliary state regarding the amendment of this claim. Therefore, plaintiff asserts that the claim constitutes a covered claim under the MPCGAA. Defendant responds that the trial court properly granted summary disposition because a blanket claim timely filed but amended after the deadline set by the domiciliary state does not constitute a covered claim under the MPCGAA.

The MPCGAA requires specified insurers to be members of the MPCGA as a condition of doing business. MCL 500.7911; MSA 24.17911. *Satellite Bowl, Inc v Michigan Property & Casualty Guaranty Ass'n,* 165 Mich App 768, 771-772; 419 NW2d 460 (1988). The purpose of the act is to protect the public against financial losses to policyholders or claimants due to the insolvency of insurers. A claimant is entitled to the benefits under the act if the claimant presents a "covered claim." MCL 500.7931; MSA 24.17931; *Satellite Bowl, Inc, supra,* p 771. A "covered claim" is defined as a claim that is presented to the association "on or before the last date fixed for the filing of claims" at the

2 MCL 500.7836 *et seq.*; MSA 24.17836 *et seq.*

insurer's insolvency proceedings in its domiciliary state. *Id.*; MCL 500.7925(1)(c); MSA 24.17925(1)(c).

We agree with the trial court that a "blanket claim" may not be considered as a claim for purposes of the act. The term "claim" is not defined by the act. However, to interpret the term "claim" to include blanket claims would render meaningless the statutory filing deadline. See *Union Gesellschaft Fur Metal Industries Co v Illinois Ins Guaranty Fund,* 190 Ill App 3d 696; 138 Ill Dec 21; 546 NE2d 1076 (1989). The facts in that case and this case are strikingly similar. Union had a products liability insurance policy with Ideal Mutual Insurance Company. Before the February 7, 1986, deadline for filing claims in the liquidation proceedings, Union filed a "contingent" proof of claim for unasserted and unknown suits with the New York liquidator. After the deadline, Union received notice of two lawsuits which arose during the period that Ideal Mutual's insurance policy had been in effect. Union then forwarded information concerning the lawsuits to the Illinois Insurance Guaranty Fund. The fund denied coverage for the claims on the ground that the claims were not timely filed and were not "covered claims" under its statute. *Id.,* pp 697-698. Under the Illinois statute, a covered claim is defined in part as "a claim for which notice is given in writing to the liquidator of the insolvent company's domiciliary state or to an ancillary receiver in this State, if any, or to the Fund or its agents prior to the earlier of the last date for the timely filing of proofs of claim in the domiciliary liquidation proceedings or 18 months after the entry of the order of liquidation." Ill Rev Stat, ch 73, ¶ 1065.90-5.

In affirming the lower court's grant of summary judgment in favor of the Illinois fund, the Illinois Appellate Court relied on the express language of

the "covered claim" statute holding that Union's contingent claim did not constitute a valid proof of claim. *Id.,* p 700. The court noted that the timely filing requirement in the Illinois statute "indicates that the legislature did not intend to make this protection absolute, indemnifying all claims, including contingent claims. *Id.,* p 699. The court further noted that the timely filing requirement evidences a legislative intent to provide a cutoff date after which the Illinois Insurance Guaranty Fund is no longer obligated to indemnify claims. *Id.,* p 700. The court reasoned that "if [the court] were to hold that the filing of a contingent claim was sufficient for purposes of being deemed a covered claim, the statutory filing deadline would have no meaning." *Id.*

In the present case, as in *Union,* to construe blanket claims as "covered claims" would render the deadline for filing claims meaningless. Liquidation and distribution of the insolvent company's assets could not be effected until all potential statutory periods of limitation had run. *Id.* While the purpose of the act is to eliminate the risk for policyholders of doing business with an insolvent insurer, the filing deadline requirement in § 7925(1)(c), like the filing deadline requirement in the Illinois statute, indicates that the Legislature did not intend to make this protection absolute. *Satellite Bowl, Inc, supra,* p 772. There must be reasonable limits to the association's liability and finality to the liquidation proceedings. *Id.* Consequently, we find that a "blanket claim" may not be considered as a claim for purposes of the MPCGAA and that the MPCGA has no obligation to plaintiff in the instant case. There being no genuine issue of fact, we find the trial court properly granted summary disposition to defendant pursuant to MCR 2.116(C)(10).

Affirmed.