### KENT COUNTY MENTAL HEALTH CENTER, INC.

v.

### John P. CAVANAUGH et al.

### No. 93–710.

Supreme Court of Rhode Island.

June 8, 1995.

Paul V. Reynolds, Mark T. Reynolds, Boyer, Reynolds & DeMarco, Providence, for plaintiff.

Manuel Andrews, Jr., Thomas C. Angelone, Hodosh, Spinella & Angelone, Providence, Joseph Tanski, Boston, MA, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by Kent County Mental Health Center, Inc. (Kent County), to the Supreme Court from a Superior Court order dismissing its complaint for declaratory relief against the Rhode Island Insurers' Insolvency Fund (the Fund) on the ground that its claim was time barred.[1] For the reasons stated below, we affirm the order appealed from. The facts which follow are not in dispute.

In August 1991 John P., Rosalie, and Gary Cavanaugh (the Cavanaughs) filed a complaint in the Superior Court against Kent County and other parties, alleging medical negligence in the treatment of John P. Cavanaugh from August 1980 through 1987. Kent County had obtained hospital professional-liability coverage from Integrity Insurance Company (Integrity), a New Jersey corporation, through a series of policies from October 1, 1982, through October 1, 1986. Integrity was declared insolvent on March 24, 1987. Thereafter, Kent County filed several nonspecific, or contingent, claims with the liquidator of Integrity in May and June of 1987 and sent copies to the Fund in November and December of 1987; however, Kent County did not file any specific claims with the Fund at that time. Upon the filing of the Cavanaugh complaint, Kent County filed a claim with the Fund in August 1991 for indemnity and defense with respect to the claims asserted in the Cavanaugh complaint. The Fund refused to pay on the ground that the claim had not been filed within the statutory time limits of G.L.1956 (1979 Reenactment) § 27–34–6, as amended by P.L.1980, ch. 105, § 3, of the Rhode Island Insurers Insolvency Fund Act (the act). In response, Kent County filed a complaint in 1993 for declaratory judgment in the Superior Court against the Fund and the other parties named in the Cavanaugh complaint, seeking a declaration of its rights under the provisions of the act.

On October 6, 1993, the Fund filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure in which it claimed that Kent County's claim was time barred because the claim had not been filed within the three-year period prescribed by the act. The Fund further argued that a timely filed contingent or blanket claim does not constitute a timely filed claim within the meaning of the act.

Following a hearing on December 13, 1993, a Superior Court trial justice granted the Fund's motion to dismiss, finding that the Fund was not obligated to pay any claim filed more than three years after the date of the declaration of insolvency. The trial justice

---

1. The following parties were also named as defendants: John P. Cavanaugh, Rosalie Cavanaugh, Gary Cavanaugh, Stephen Dizio, Robert Nadol, Renu O. Kothari, John Masko, Otto Karl Eichman, and Aimee Schwartz; however, the only defendant involved in the present dispute is the Rhode Island Insurers' Insolvency Fund.

reasoned that the intent of the Legislature was to impose a limit on the Fund's liability and that the filing of contingent claims was insufficient to circumvent the filing requirement of the act. Kent County filed the instant appeal.

On appeal Kent County complains that the trial justice erred as a matter of law by interpreting the act "in a way that defeats its underlying purpose and leads to an absurd result." It is Kent County's contention that the trial justice's interpretation of the act unfairly excludes claims by an insured made after the statutory claim period even though the insured could not possibly have known about such claims within the statutory period. Further, Kent County argues that the Fund received notice through the contingent claims that it filed with Integrity's liquidator. The Fund counters that the trial justice's decision was proper because the statute is clear and unambiguous with respect to its claim-filing requirements.

The act was enacted in 1970 and was subsequently repealed on June 9, 1988, effective July 1, 1988 by an act (P.L.1988, ch. 407, § 1) that embodied similar provisions to those in the present version of the statute. The parties herein agree that the pre–1988 version of the statute applies to this dispute.

The specific provision of the act we must construe is § 27–34–6, as amended by P.L. 1980, ch. 105, § 3 which provides in pertinent part:

> "In the event of the determination of insolvency of a licensed or chartered insurer after May 7, 1970, the fund shall be obligated to the extent of the covered claims against the insolvent insurer existing prior to the declaration of insolvency, or before the policy expiration date if less than thirty (30) days after declaration * * *.
>
> *"The fund shall not be obligated to pay any claim filed with the fund after the final date set for the filing of claims against the liquidator or receive[r] of the insolvent insurer, nor in any event after the expiration of three years from the date of determination of the insolvency of such insurer."* (Emphasis added.)

■ In construing this statute, this court has the responsibility of effectuating the intent of the Legislature by examining the statute in its entirety and attributing to words their plain and ordinary meaning. *In re Falstaff Brewing Corp.*, 637 A.2d 1047, 1049 (R.I.1994). It is well settled that when a "statute is unambiguous on its face and expresses a clear and sensible meaning, this court must interpret the statute according to the plain and literal meaning contained therein." *Penn–Dutch Kitchens, Inc. v. Grady*, 651 A.2d 731, 733 (R.I.1994).

■ With the foregoing principles in mind, this court concludes that § 27–34–6 is clear and unambiguous. The section clearly states that the Fund shall not be obligated to pay any claim filed either after the date set for the filing of claims against the liquidator or receiver of the insolvent insurer or after the expiration of three years from the date of the declaration of insolvency. We must therefore reject the arguments advanced by Kent County because its contentions are contrary to the clear language of the statute.

■ We reject Kent County's specific argument that its contingent claim constitutes a timely claim. Other jurisdictions that have considered cases with facts similar to those presented in the instant case have fairly consistently held that the filing of such contingent or blanket claims prior to the statutory deadline of the guaranty fund does not toll the cutoff date or allow a guaranty fund to provide coverage for a more specific claim presented to the guaranty fund after the filing deadline.

In *Union Gesellschaft Fur Metal Industrie Co. v. Illinois Insurance Guaranty Fund*, 190 Ill.App.3d 696, 138 Ill.Dec. 21, 546 N.E.2d 1076 (1989), the court was faced with facts similar to those in this case. Union had a products-liability insurance policy with Ideal Mutual Insurance Company, and prior to the deadline for filing claims in the liquidation proceedings, Union filed a "contingent" proof of claim for unasserted and unknown suits with the liquidator. After the deadline, Union received notice of two lawsuits that arose during the period that Ideal Mutual's insurance policy had been in effect.

In turn, Union forwarded the information concerning the lawsuits to the Illinois Insurance Guaranty Fund, which denied coverage on the ground that the claims were not timely filed and were not "covered claims" under its statute. *Id.* at 698, 138 Ill.Dec. at 22–23, 546 N.E.2d at 1077–78.

In affirming the lower court's grant of summary judgment in favor of the Illinois fund, the Illinois Appellate Court held that the filing requirement in the Illinois statute indicated that the Legislature did not intend to make this protection absolute, indemnifying every claim including contingent claims. *Id.* at 700, 138 Ill.Dec. at 23–24, 546 N.E.2d at 1078–79. The court opined that the timely filing requirement evidenced the intent of the Legislature to establish a cutoff date after which the Illinois fund would no longer be obligated to indemnify claims. *Id.* at 700, 138 Ill.Dec. at 24, 546 N.E.2d at 1079. The court reasoned that the statutory filing deadline would have no meaning if it were to hold that the filing of a contingent claim was sufficient for purposes of being deemed a covered claim. *Id. See also Matter of Ideal Mutual Insurance Co.*, 218 Ill.App.3d 1039, 161 Ill.Dec. 589, 578 N.E.2d 1235 (1991) (contingent, unliquidated claims against insolvent insurer not covered claims under Illinois Insurance Guaranty Fund Act); *Monical Machinery Co. v. Michigan Property & Casualty Guaranty Association*, 189 Mich.App. 694, 473 N.W.2d 808 (1991) (insureds blanket claim not considered a claim for purposes of state guaranty act).

Although the statute involved herein differs from the statute considered by the court in *Union*, the precise issue we consider today is substantially similar to the issue that the court was faced with in *Union*. Accordingly, we are compelled to adopt the reasoning employed by that court.

In the instant case, as the court declared in *Union*, it is our belief that to construe contingent or blanket claims as covered claims would render the deadline for filing claims meaningless. Moreover, liquidation and distribution of the insolvent company's assets could not be accomplished until all potential statutory periods of limitation had run. *Id.* The requirement in the statute that claims be filed either after the date set for the filing of claims against the liquidator or receiver of the insolvent insurer or after the expiration of three years from the date of the declaration of insolvency evidences an intent by the Legislature to establish an absolute cutoff date after which the Fund is no longer obligated to indemnify claims.

We recognize that the result we reach today may be regarded as harsh; however, Kent County's ignorance of the Cavanaugh lawsuit may not be interpolated within the statute to validate a late filing. Although Kent County could not have filed any claim with respect to the Cavanaugh lawsuit by the filing deadline, its dilemma is not for this court to remedy; the Legislature possesses that power.

Accordingly Kent County's appeal is denied and dismissed. The Superior Court order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

BOURCIER, J., did not participate.