Chandler v. Gutierrez 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00683-CV







Preston J. Chandler, Jr. and Preston J. Chandler, Jr.,


a Professional Association, Appellants




v.




Jorge A. Gutierrez, P.C., as Special Deputy Receiver for Empire Casualty Company,


in Receivership, and J. Robert Hunter, Commissioner of the Texas Department


of Insurance, in his Capacity of Permanent Ancillary Receiver for


Empire Casualty Company, in Receivership, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-04627, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 This cause addresses the failure of a claimant to timely file a proof of claim with
the receiver of an insolvent insurance company when the claims were unknown and could not have
been known until after the filing deadline had passed. Claimant Preston J. Chandler Jr. and
Preston J. Chandler, Jr., a Professional Association, appeal the trial court's grant of summary
judgment in favor of appellees Jorge Gutierrez, P.C., as special deputy receiver for Empire
Casualty Company, and J. Robert Hunter, Commissioner of the Texas Department of Insurance,
in his capacity as permanent ancillary receiver for Empire Casualty Company (collectively, the
"Receiver"). We will affirm the trial court's judgment.


FACTUAL BACKGROUND

 Between 1976 and 1983, Empire Casualty Company ("Empire") issued a series of
occurrence liability policies to Chandler, a plastic surgeon. The insurance policies covered claims
against Chandler, even if those claims were asserted after the policy periods expired, as long as
Chandler's acts or omissions gave rise to an occurrence during the covered policy periods.

 In 1989, a court order placed Empire into permanent receivership and appointed
the Receiver. The Texas Commissioner of Insurance also ordered that Empire be designated an
"impaired insurer" subject to the provisions of article 21.28-C of the Insurance Code. See Texas
Property and Casualty Guaranty Act ("Guaranty Act"), Tex. Ins. Code Ann. art. 21.28-C (West
Supp. 1995). (1) The Receiver notified Chandler that because of Empire's placement in receivership,
all claims against Empire had to be filed by September 30, 1989. Aware of one claim against him
falling within the scope of Empire's coverage, Chandler filed a timely proof of claim form with
the Receiver. The Receiver partially approved Chandler's claim.

 Beginning in late 1991 and 1992, a number of Chandler's former patients sued him,
alleging injuries resulting from exposure to silicone gel breast implants performed by Chandler. 
Some of the lawsuits alleged occurrence dates falling within Chandler's coverage under Empire
insurance policies. By letter dated December 14, 1992, Chandler notified the Receiver about six
of these lawsuits and requested coverage from Empire. Chandler filed a new proof of claim with
the Receiver on March 9, 1994, based on all present and future breast implant law suits against
Chandler covered under his Empire insurance policies.

 The Receiver rejected Chandler's second proof of claim form on March 11, 1994,
stating that Chandler filed the claim after the September 30, 1989, filing deadline. On cross-motions for summary judgment, the trial court affirmed the Receiver's determination. Chandler
appeals by two points of error, arguing that the trial court erred in granting the Receiver's motion
for summary judgment and in denying his motion for partial summary judgment.



DISCUSSION

 Article 21.28 of the Insurance Code clearly sets forth the statutory requirement for
filing claims against insolvent insurance companies placed in receivership. Claims shall be
presented to the receiver within the deadline set by the receivership court. Tex. Ins. Code Ann.
art. 21.28, § 3(a) (West Supp. 1995). Proof of claim forms may be filed subsequent to the filing
deadline, but no later than one year after entry of the court order specifying the filing deadline. 
Act of June 1, 1987, 70th Leg., R.S., ch. 1073, § 33, 1987 Tex. Gen. Laws 3610, 3646 (Tex.
Ins. Code Ann. art. 21.28, § 3(b), since amended) (hereinafter "1987 Act"). Claims filed more
than one year after the entry of the court's order designating the filing deadline will not participate
in any distribution of receivership assets. Id. On appeal, Chandler does not dispute that he filed
his second proof of claim after the filing deadline set by the receivership court. Instead, he argues
that his claim should not be barred by the Receiver for late filing, asserting that: (1) the late filing
of a claim with a receiver does not change the claim's status as a "covered claim" under the
Guaranty Act; (2) the filing deadline applies only to claims of which the claimant has knowledge
during the filing period; (3) late filing may be excused on grounds of impossibility of performance
from absence of knowledge of the claims; (4) late filed proof of claim forms can relate back to
the date of timely filed claims; and (5) late filed proof of claim forms can amend timely filed
claims. We address each of Chandler's arguments in turn.



I.  Article 21.28 and the Guaranty Act (Article 21.28-C)

 Two Insurance Code articles govern the receivership proceedings underlying the
instant cause: (1) article 21.28, outlining the general statutory duties of conservators and
receivers, and (2) the Guaranty Act, establishing an association (the "Association") of all licensed
property and casualty insurers in Texas to maintain a fund (the "Fund") financed through
assessments of solvent member insurers for the purpose of paying impaired insurers' obligations
for statutorily defined "covered claims." (2) Guaranty Act §§ 6, 8(c). Chandler assumes his claim
can be categorized as a covered claim under the Guaranty Act and initially argues that the time
bar specified by article 21.28 does not bar the processing of covered claims under the Guaranty
Act because neither article 21.28 nor the Guaranty Act specifically outline a time-bar provision
for filing claims under the Guaranty Act. (3) In other words, Chandler asserts that two claims filing
procedures exist: one with a limitations period governing claims payable out of assets of the
receivership estate, and one with no limitations period governing claims payable under the
Guaranty Act. See Nunez v. Autry, 884 S.W.2d 199, 202 (Tex. App.--Austin 1994, no writ)
(distinguishing recovery from corporate assets of insurance company in receivership from
recovery from Fund). We disagree.

 Under article 21.28, each claimant of an insolvent insurance company placed into
receivership must timely present a proof of claim with the receiver. Tex. Ins. Code Ann. art.
21.28, § 3(a). The receiver may approve or reject any claim filed against the insolvent insurer. 
Id. § 3(h) (West Supp. 1995). The Guaranty Act, including its provisions for the funding of
covered claims, operates alongside article 21.28: it "shall not be construed to impose restrictions
or limitations upon the authority granted . . . the receiver elsewhere in the Insurance Code . . .
but shall be construed and authorized for use in conjunction with other portions of the Insurance
Code dealing with delinquency proceedings." Act of May 12, 1971, 62d Leg., R.S., ch. 360,
§ 1, 1971 Tex. Gen. Laws 1362, 1366 (Tex. Ins. Code Ann. art. 21.28-C, § 10, since amended)
(emphasis added). In accord with article 21.28, the Guaranty Act provides specific directions for
a receiver's handling of covered claims, expressly providing that the receiver process and act upon
covered claims "in the same manner as other claims as provided in Article 21.28 of the Insurance
Code and as ordered by the [receivership] court." Id. at 1366-67 (Tex. Ins. Code Ann. art.
21.28-C, § 11, since amended) (emphasis added).

 Reading article 21.28 and the Guaranty Act in conjunction with each other, we
conclude that the two statutes do not contemplate separate claims processing proceedings. Rather,
the Guaranty Act directs the receiver to process and act on covered claims in the same manner as
it processes and acts on all other claims presented it pursuant to article 21.28. Accordingly,
claims eligible for funds advanced from the Association--covered claims--must be filed against the
receivership estate through its receiver, and when processing the claims presented to it, the
receiver must apply the same filing deadline to all claims, covered claims included.

 The purpose of the Guaranty Act is to "provid[e] funds in addition to assets of
impaired insurers for the protection of the holders of `covered claims.'" Id. at 1363 (Tex. Ins.
Code Ann. art. 21.28-C, § 2, since amended); see Durish v. Channelview Bank, 809 S.W.2d 273,
276 (Tex. App.--Austin 1991, writ denied). See also Nunez, 884 S.W.2d at 201 (stating purpose
of Guaranty Act is to provide additional protection to insureds of `impaired insurers' by
maintaining fund receiver may use to aid in paying `covered claims'). The Association, under
the statutes governing this cause, plays no claims processing role but merely provides an extra
purse for the payment of claims the receiver approves that can be categorized as covered claims. (4)



II.  Unknown Claims 

 Chandler additionally argues that the claims filing deadline does not apply to claims
of which the claimant had no knowledge prior to the filing deadline and thus that the unknown
claims may be filed subsequent to the filing deadline. As support for his argument, Chandler
maintains that the ordinary meaning of the word "claim" does not include rights of which the
claimant has no knowledge, asserting that the receivership court's order addressed to all persons
"with claims against Empire" clearly contemplated persons presently possessing claims. Chandler
further argues that the Receiver's interpretation of the claims filing deadline fails to achieve the
Receiver's purpose to "conserve the assets and protect the rights of policyholders and claimants
for the purpose of liquidating, rehabilitating, reinsuring, reorganizing or conserving the affairs
of the insurer," Tex. Ins. Code Ann. art. 21.28, § 2(e) (West Supp. 1995), because it penalizes
occurrence policyholders, like himself, who may be confronted with claims after the expiration
of the filing deadline. Chandler asserts that his alternative under the Receiver's interpretation,
timely filing a "blanket" claim seeking coverage for all lawsuits which could ever be filed against
him under his occurrence policy, would only clog receivership proceedings and further skew the
Receiver's statutorily defined purpose.

 We ascertain legislative intent from the entire act, not from isolated portions
thereof. City of Mason v. West Tex. Utils. Co., 237 S.W.2d 273, 278 (Tex. 1951). When
legislative purpose has been ascertained, "the significance of words used may be restricted or
enlarged in order to effectuate that purpose and to give the act the meaning which the lawmakers
manifestly intended." Texas & N.O.R. Co. v. Railroad Comm'n, 200 S.W.2d 626, 629 (Tex.
1947). As Chandler recognizes, the purpose of article 21.28, as accomplished by a receiver, is
to "conserve the assets and protect the rights of policyholders and claimants" to accomplish the
liquidation or rehabilitation of an insolvent insurer. Tex. Ins. Code Ann. art. 21.28, § 2(e). In
its entirety, article 21.28 establishes procedures for the closing of receivership proceedings. See
id. § 2(g) (West Supp. 1995) (providing for disposal of receivership estate property); id. §§ 7A,
8, 8A (West Supp. 1995) (providing for asset distribution); id. § 9 (West Supp. 1995) (describing
receivership closing). In accord with article 21.28's broad purpose, provisions for a claims filing
deadline indicate legislative intent to provide a cutoff date after which a receiver is no longer
obligated to accept claims. The filing deadline protects policyholders who timely filed claims
because the allowance of late filed claims would unnecessarily prolong distribution of an insolvent
insurer's assets and dilute funds from which to satisfy timely filed claims. See Lake Hosp. Sys.,
Inc. v. Ohio Ins. Guar. Ass'n, 634 N.E.2d 611, 615 (Ohio 1994) (discussing why Ohio guaranty
association, which, rather than liquidator, processed covered claims, need not honor claim
presented after filing deadline set by liquidating court); Jason v. Superintendent of Ins., 413
N.Y.S.2d 17, 18 (N.Y. App. Div. 1979), aff'd sub nom. In re Professional Ins. Co., 402 N.E.2d
143 (N.Y. 1980).

 We conclude that the claims filing deadline provisions of article 21.28 encompass
all known claims against the receivership estate. The statute does not provide for claims of which
the claimant has no knowledge prior to the filing deadline nor does it provide for unknown claims
to be filed with the receiver on a date subsequent to the filing deadline. We realize that our
holding penalizes claimants, like Chandler, who, by the filing deadline, do not and cannot know
of claims which will later be asserted against them. Other jurisdictions holding similarly under
comparable facts have also recognized this. See Lake Hosp., 634 N.E.2d at 615; Union
Gesellschaft Fur Metal Industrie Co. v. Illinois Ins. Guar. Fund, 546 N.E.2d 1076, 1079 (Ill.
App. Ct. 1989); Jason, 412 N.Y.S 2d at 18. Yet, the terms of article 21.28, section 3(a) and (b)
do not provide a remedy for Chandler in this event; nor does the Guaranty Act purport to cover
every circumstance in which an insured attempts to recover a claim against an insolvent insurer. 
Channelview Bank, 809 S.W.2d at 276. Compare Middleton v. Imperial Ins. Co., 666 P.2d 1,
4-5 (Cal. 1983) (indicating statute allowed timely filing of "hypothetical" or "contingent" claims
to protect claimants for future unknown claims arising under occurrence insurance policies) with
Union Gesellschaft, 546 N.E.2d at 1079 (holding statute made no provision for guaranty
association to pay future claims encompassed by "contingent" claim timely filed with liquidator). (5) 
Article 21.28 provides for late filing in only limited circumstances. 1987 Act at 3646. Cf. Lake
Hosp., 634 N.E.2d at 612 (indicating Indiana statute allows late filed claims when claimant does
not know of claim by filing deadline but files claim as promptly as reasonably possible upon
learning of claim); Satellite Bowl, Inc. v. Michigan Property & Casualty Guar. Ass'n, 419
N.W.2d 460, 461 (Mich. Ct. App. 1988) (noting that for good cause, Ohio court allowed late
filed claims not known about until after filing deadline); Jason, 413 N.Y.S.2d at 18 (recognizing
statutory extension of filing deadline applied only upon liquidator's certification of necessity).

 In light of our holding, we are precluded from awarding even equitable relief to
Chandler under his arguments that late filed proofs of claim may be excused on grounds of
impossibility of performance or can amend timely filed claims and thus relate back to those timely
filed claims. Article 21.28 does not authorize extension of the filing deadline for equitable
reasons, and we have already recognized that liquidation proceedings require some degree of
finality. Moreover, the trend in other jurisdictions with guaranty funds governed by filing
deadlines established for receivership estates is to deny recovery for late claims, even if equitable
considerations favor recovery. See Lake Hosp., 634 N.E.2d at 614-15; Satellite Bowl, 419
N.W.2d at 462; Jason, 413 N.Y.S.2d at 18. (6)


 

III.  Constitutional Arguments

 As an alternative argument, Chandler asserts that the application of the claims filing
deadline to bar his claim is unconstitutional as applied in that it (1) violates the open courts
provision of the Texas Constitution; (2) denies the due process guarantees of the Texas and United
States Constitutions; (3) is vague; (4) impairs the obligation of his contract with Empire; and (5)
denies him equal protection under the Texas and United States Constitutions.



 A. Open Courts

 Chandler first contends that the claims filing provisions of article 21.28, if applied
to bar his claim, violate the open courts provision of the Texas Constitution. The open courts
provision provides that "[a]ll courts shall be open, and every person for an injury done him, in
his land, goods, person or reputation, shall have remedy by due course of law." Tex. Const. art.
I, § 13. Pursuant to this provision, Texas citizens bringing common law causes of action may not
be unreasonably denied access to the courts. Sax v. Votteler, 648 S.W.2d 661, 664 (Tex. 1983). 
A claim of unconstitutionality under the open courts provision will succeed if the claimant (1) has
a cognizable common law cause of action being restricted by a statute, and (2) the restriction is
unreasonable or arbitrary when balanced against the purpose and basis of the statute. Rose v.
Doctors Hosp., 801 S.W.2d 841, 843 (Tex. 1990); Sax, 648 S.W.2d at 666. In applying this test,
we consider both the statute's general purpose and the extent to which the claimant's right to bring
a common law cause of action is affected. Sax, 648 S.W.2d at 666.

 Chandler argues that but for the court-ordered claims filing deadline, article 21.28,
and the Guaranty Act, he could pursue a common law action against Empire for breach of its
contractual obligations to him. Even assuming the validity of this argument and that Chandler can
satisfy the first criterion of the open courts constitutional analysis, we conclude that Chandler
cannot establish that the abrogation of his right to bring a common law action against Empire is
unreasonable or arbitrary when balanced against the purpose of article 21.28 and the Guaranty
Act. As discussed supra, the general purpose of article 21.28 and the Guaranty Act is to protect
policyholders with insolvent insurers by providing a statutory scheme for processing claims,
funding covered claims, distributing receivership estate assets, and closing receiverships. The
duration of a receivership estate is generally limited to a maximum of eight years. Tex. Civ.
Prac. & Rem. Code Ann. § 64.072(d) (West 1986). The need for finality in liquidation
proceedings is thus apparent and is furthered by the claims filing deadline. (7) Furthermore, even
if Chandler were afforded his day in court to pursue a common law action against insolvent
Empire, his potential recovery would be virtually nil in the absence of the Fund. Article 21.28
and the Guaranty Act do not unreasonably or arbitrarily abrogate Chandler's common law cause
of action.



 B. Due Process 

 Chandler also argues that the claims-filing provisions of article 21.28 and the
Guaranty Act, if applied to bar his late-filed claim, violate the procedural and substantive due
process guarantees of the Texas and United States Constitutions. See U.S. Const. amend. XIV;
Tex. Const. art. I, § 19. (8) Under the federal constitution, procedural due process guarantees
include notice and a meaningful opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319,
348-49 (1976). Under the Texas Constitution, due course of law exists to prevent government
from depriving persons of property without notice and a hearing. Nelson v. Clements, 831
S.W.2d 587, 591 (Tex. App.--Austin 1992, writ denied).

 We conclude the claims filing provisions of article 21.28 and the Guaranty Act do
not deprive Chandler of procedural due process under the state or federal constitutions. Article
21.28 entitles Chandler to a trial de novo on the Receiver's rejection of his claim arising out of
his coverage under his occurrence policies with Empire. See Tex. Ins. Code Ann. art. 21.28,
§ 3(h). Chandler's present appeal arises pursuant to article 21.28, section 3(h). Chandler has not
been denied notice and a meaningful opportunity to be heard on the rejection of his claim. Cf.
J.B. Advertising, Inc. v. Sign Bd. of Appeals, 883 S.W.2d 443, 449 (Tex. App.--Eastland 1994,
writ denied) (citing authority for proposition that no due process violation under state law occurs
if provision is made for trial de novo on issues passed by board or commission).

 The federal constitution's due process clause, with respect to substantive due
process complaints, places restrictions on state legislative power similar to the due course of law
provision in article I, section 19 of the Texas Constitution. Gibson v. J.W.T., 815 S.W.2d 863,
866 (Tex. App.--Beaumont 1991), aff'd and remanded, 872 S.W.2d 189 (Tex. 1994). (9) Substantive
due process demands that a statute shall not be unreasonable, arbitrary, or capricious and that the
means selected by the statute shall have a real and substantial relation to the object sought to be
obtained. Closs v. Goose Creek Consol. Indep. Sch. Dist., 874 S.W.2d 859, 875-76 (Tex.
App.--Texarkana 1994, no writ). A law is arbitrary and unreasonable if the social necessity it
serves is not sufficient to justify the restrictions on the rights involved. Pedraza v. Tibbs, 826
S.W.2d 695, 698 (Tex. App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.). Unless a claim
involves a violation of fundamental rights, a rational basis for the statute in question, even if not
the real reason for government action, will satisfy substantive due process requirements. Closs,
874 S.W.2d at 876 n.16.

 We have already concluded that the claims filing deadline provisions of article
21.28 further the purpose of article 21.28 and the Guaranty Act to provide a statutory scheme for
claims processing, claims funding through the Fund and receivership estate assets, and timely
finalization of liquidation proceedings. All policyholders and other receivership claimants,
including the Association, have a strong interest in a timely winding up of a receivership estate. 
A rational basis for the filing deadline exists. The deadline does not arbitrarily or unreasonably
restrict Chandler's statutory right to present claims to the receiver or his right to bring a common
law breach of contract cause of action against Empire. We conclude that Chandler's substantive
due process guarantees have not been violated.



 C.  Vagueness

 A statute which either forbids or requires the doing of an act in terms so vague that
persons of common intelligence must guess its meaning and differ as to its application lacks the
first essential in due process of law. Connally v. General Constr. Co., 269 U.S. 385, 391 (1926);
Texas Antiquities Comm. v. Dallas County Community College Dist., 554 S.W.2d 924, 928 (Tex.
1977). Chandler asserts that article 21.28 and the court order setting the claims filing deadline
are unconstitutionally vague because they do not clearly articulate that he "has to file blanket
claims for contingent future suits prior to the claims filing deadline in order to preserve [his]
rights as to such future claims" against the receivership estate and the Association. We agree that
neither article 21.28 nor the receivership court order clearly articulate that Chandler must timely
file a "blanket claim" to preserve future unknown claims. However, article 21.28 and the court
order are not vague for failing to set forth Chandler's assertion. We have concluded that article
21.28 provides only for the filing of known claims. It does not expressly, impliedly, or vaguely
provide for the filing of blanket or contingent claims by the filing deadline, although it does
authorize the filing of unliquidated or undetermined claims on which a right of action has accrued
at the date of the commencement of delinquency proceedings. Tex. Ins. Code Ann art. 21.28,
§ 3(d). Persons of common intelligence are not left to guess that the claims filing provisions of
article 21.28 apply to claims known by the filing deadline; the statute is not unconstitutionally
vague.



 D.  Impairment of Obligation of Contract

 Chandler further argues that application of article 21.28 and the court's order
establishing the claims filing deadline effectively left him with "no remedy for his contractual
rights to coverage under the Empire policies as to the breast implant litigations and no effective
way to obtain such a remedy." As such, citing Aetna Casualty & Surety Co. v. Woodward, 41
S.W.2d 674 (Tex. Comm'n App. 1931, holding approved), Chandler maintains that the trial
court's order and article 21.28, as applied, "impaired the obligation of [his] insurance contracts
with Empire" in violation of the Texas and United States Constitutions. See U.S. Const. art. I,
§ 10, cl. 1; Tex. Const. art. I, § 16. (10)

 We conclude that the state and federal constitutional provisions prohibiting
impairment of contract obligations do not apply to the legislative action in this cause. Neither
article 21.28 nor the court order establishing a claims filing deadline impair the obligations due
to Chandler under his contract with Empire. Rather, the receivership claims processing scheme
they establish is designed to help claimants like Chandler who will have difficultly in recovering
under their insurance contracts as a result of an insurance company's insolvency. Without the
claims payment mechanisms established by article 21.28 and the Guaranty Act, Chandler would
have little hope in recovering all his due under his insurance contract with Empire in light of the
limited funds available from which to pay many contractual claims. The filing deadline barring
Chandler's claims does not impair obligations under a contract that was already breached pursuant
to Empire's insolvency and resulting inability to pay all its contractual obligations.



 E.  Equal Protection

 Chandler's final constitutional argument is that applied to his circumstances, the
claim bar provisions of article 21.28 have no reasonable basis and therefore violate the equal
protection rights guaranteed by the Texas and United States Constitutions. (11) The purpose of equal
protection provisions is to prevent any person or class of persons from being singled out as the
subject of discriminatory or hostile legislation. See Burroughs v. Lyles, 181 S.W.2d 570, 574
(Tex. 1944). If interests other than fundamental rights or suspect classifications are affected by
legislation, the statutory classification must be rationally related to a legitimate state interest in
order to survive an equal protection challenge. HL Farm Corp. v. Self, 877 S.W.2d 288, 290
(Tex. 1994). The burden is on the challenger to show the restriction is wholly arbitrary. Seoane
v. Ortho Pharmaceuticals, Inc., 660 F.2d 146, 150 (5th Cir. 1981). Chandler acknowledges that
the classifications drawn by article 21.28 and the Guaranty Act do not involve "suspect"
classifications or fundamental rights and that the rationality test applies in this instance. The
appropriate standard of review is thus whether the classification imposed by the statutory scheme
is reasonable, not arbitrary, and bears a reasonable relationship to a legitimate state objective. 
2300, Inc. v. City of Arlington, 888 S.W.2d 123, 129 (Tex. App.--Fort Worth 1994, no writ). 

 Chandler argues that the class of occurrence liability policyholders are penalized
under the current statutory scheme and that the class bears no reasonable relationship to the
purposes of receivership. We have already held that claims deadline restrictions can be
reasonably aimed at advancing a legitimate government interest in liquidating receivership assets
in a timely manner. Chandler has not demonstrated that the claims filing system is wholly
arbitrary. We conclude Chandler's equal protection argument is without merit.



CONCLUSION


 In light of our conclusions above, we further conclude that the trial court did not
err in granting the Receiver's motion for summary judgment, because, as a matter of law,
Chandler's claim was barred under the claims filing deadline established by the constitutionally
valid receivership court order, Insurance Code article 21.28, and the Guaranty Act. We overrule
Chandler's two points of error and affirm the trial court's judgment. 

 


 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 30, 1995

Publish

 

1.   This cause is governed by Insurance Code provisions in effect as amended through
the 1987 legislative session. We will cite to the 1987 laws when they substantively differ
from the statute in effect today. 
2.   A covered claim is "an unpaid claim of an insured . . . which arises out of and is
within the coverage and not in excess of the applicable limits of an insurance policy to
which th[e Guaranty] Act applies, issued . . . by an insurer licensed to do business in this
State, if such insurer becomes an `impaired insurer.'" 1987 Act at 3657 (Tex. Ins. Code
Ann. art. 21.28-C, § 5(8), since amended).
3.   By contrast, Chandler maintains, as an indication that claims untimely filed with
the Receiver could, for purposes of the instant cause, still be considered proper "covered
claims" under the Guaranty Act, the legislature recently enacted a deadline for filing
covered claims with the Association. See Guaranty Act § 8(d). At the same time however,
the legislature also enacted legislation giving the Association, as opposed to a receiver,
authority to process covered claims. See Tex. Ins. Code Ann. art. 21.28, § 3(i) (West Supp.
1995) ("Notwithstanding any other provision of this article, if a claim is covered by a guaranty
fund created under Article . . . 21.28-C . . . of this code, the receiver shall refer the claim to
the . . . [A]ssociation for processing."); Guaranty Act § 8. This recent legislation indicates
that a filing deadline specifically for covered claims was unnecessary when the Association had
no claims processing power. 
4.   The Association itself becomes a claimant in the receivership estate for reimbursement of
Fund payments to impaired insurers. Guaranty Act § 18(f).
5.   Article 21.28 permits the filing of unliquidated or undetermined claims--those claims
on which a right of action has accrued at the date of commencement of delinquency
proceedings or insurance policy cancellation date, if applicable, and on which liability has
not been determined or amount of the claim liquidated. Tex. Ins. Code Ann. art. 21.28,
§ 3(d) (West Supp. 1995). We distinguish this type of claim from the contingent claims
or, as characterized by Chandler, "blanket claims," allowed in Middleton which
contemplated unknown future claims. See Middleton, 666 P.2d at 4-5. The Middleton court
did not address problems timely filed contingent claims would present to the need to finalize
liquidation proceedings and protect other timely filing policyholders. 
6.   We note that in jurisdictions where guaranty associations rather than receivers
process covered claims, late filing claimants may be afforded relief from the receivership
estate yet still be denied payment of covered claims from the guaranty association's fund. 
See, e.g., Satellite Bowl, 419 N.W.2d at 462 (limiting covered claims payable by guaranty
association as those claims timely filed with receiver, not those claims untimely filed with
receiver yet nevertheless allowed by the receivership estate for lower priority asset
distribution). In Texas, because the receiver processes covered claims for the Association,
out-of-state cases discussing filing deadlines adhered to by guaranty associations are
instructional for purposes of the instant cause. Covered claims as defined by the Guaranty Act
and processed by the receiver under article 21.28 must be timely filed as in other jurisdictions. 
7.   Chandler asserts that the time-bar provision is clearly designed to penalize those
who "slumber on their rights." He offers no support for this argument, and we disregard
it in light of the need for finality in receivership proceedings. 
8.   The Fourteenth Amendment to the United States Constitution provides in part: "No
State . . . shall . . . deprive any person of life, liberty, or property, without due process of
law; . . . ." U.S. Const. amend. XIV. Similarly, the Texas Constitution provides: "No
citizen of this State shall be deprived of life, liberty, property, privileges or immunities,
or in any manner disenfranchised, except by the due course of the law of the land." Tex.
Const. art I, § 19.
9.   However, the language of the Texas due course constitutional provision is arguably
significantly broader than the language of the corresponding federal provision. See City
of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 293 (1982).
10.   Article I, section 16 of the Texas Constitution provides that "[n]o . . . law impairing
the obligation of contracts, shall be made." Tex. Const. art. I, § 16. The federal
constitution contains a virtually identical guarantee: "No State shall enter into any . . .
Law impairing the Obligation of Contracts . . . ." U.S. Const. art. I, § 10, cl. 1. These
two constitutional provisions are interpreted essentially identically. See Lester v. First Am.
Bank, 866 S.W.2d 361, 365-66 (Tex. App.--Waco 1993, writ denied). 
11.   The Texas Constitution provides: "All free men, when they form a social compact,
have equal rights, and no man, or set of men, is entitled to exclusive separate public
emoluments, or privileges, but in consideration of public services." Tex. Const. art. I,
§ 3. The federal constitution provides: "No State shall . . . deny to any person within its
jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.