Billy BAILEY, Appellant,

v.

Eugene A. BRODHEAD, Receiver for National County Mutual Fire Insurance Company, Appellee.

Lee MOSES, Jr. and Titan Perforators, Inc., Appellants,

v.

Eugene A. BRODHEAD, Receiver for National County Mutual Fire Insurance Company, Appellee.

Nos. 3–91–562–CV and 3–91–546–CV.

Court of Appeals of Texas, Austin.

Oct. 7, 1992.

Don Wheeler, Center, for Billy Bailey.

William W. McNeal, Lockhart, for Lee Moses, Jr. and Titan Perforators, Inc.

Kenneth D. Lerner, Andrew A. Chance, Austin, for Eugene A. Brodhead, Receiver for Nat. County Mut. Fire Ins. Co.

Before POWERS, ABOUSSIE and SMITH, JJ.

B.A. SMITH, Justice.

Billy Bailey and Lee Moses, Jr.[1] separately appeal unfavorable summary judgments. Because these two unrelated cases present the same issue, we have consolidated their appeals into one opinion. Each, by a single point of error, complains that the trial court erred in ruling that his suit against Eugene A. Brodhead, the Receiver for National County Mutual Fire Insurance Company ("National"), was time-barred because suit against the insured tortfeasor was time-barred. Both Bailey and Moses contend that they preserved their actions against the Receiver by complying with the timing provisions of Article 21.28 of the Insurance Code, which controls procedures for suing receivers. Tex.Ins.Code Ann. art. 21.28 (West Supp.1992).[2] The issue we must decide is whether filing a timely suit against the insured of an insurer in receivership is a necessary precondition to a third-party claimant's suit against a receiver. We hold that the timely filing of a claim with a receiver preserves the claimant's subsequent suit against the receiver on a rejected claim, whether or not the claimant also sues the insured.

## BACKGROUND

The actions before us arose from automobile collisions involving National's in-

---

1. Titan Perforators, Inc., the owner of the vehicle that Moses was driving, also appeals. For simplicity's sake we will use only the name "Moses" when referring to both appellants.

2. All further citations of statutory section numbers will refer to Tex.Ins.Code Ann. art. 21.28 unless otherwise noted.

sureds. Some date-specific facts are needed to clarify the relationship between the potential causes of action against the insureds and the claims against the Receiver. Bailey's cause of action against National's insured accrued on October 14, 1988. Less than a year later, National went into receivership. The Receiver notified Bailey of his right to file a claim, *see* § 3(a), and Bailey timely filed with the Receiver on March 1, 1990. On October 22, 1990, the Receiver rejected Bailey's claim and informed him that, pursuant to section 3(h), Bailey could file suit on the claim within three months of the notice of rejection. On January 4, 1991, Bailey filed his suit against the Receiver; by this time, however, the two-year statute of limitations barred his cause of action against National's insured.

The details of Moses's suit are similar. Moses's claim against the Receiver stems from an accident that occurred on August 16, 1988, involving another of National's insureds. Moses presented his claim in March 1990; the Receiver rejected it on August 8, 1990. Moses sued the Receiver on September 24, 1990, thereby complying with the three-month deadline imposed by section 3(h). Like Bailey, Moses never sued National's insured and the statute of limitations for that cause had run before this suit was filed. However, neither Bailey's nor Moses's suit against the insured was time-barred when they filed their claims with the Receiver.

The Receiver filed a motion for summary judgment in each of the two separate suits, denying liability on the ground that neither Bailey nor Moses retained a viable cause of action against National's insureds at the time suit was filed. Each trial court granted the Receiver's motion. Bailey and Moses appealed to this Court. The causes were consolidated for oral argument and the basis for our decisions in both appeals is set forth in this single opinion.

## DISCUSSION

Article 21.28 of the Texas Insurance Code governs claims and suits against receivers appointed for impaired insurers. Section 3(e) empowers any person with a cause of action against an insured of an impaired insurer under a liability insurance policy to file a claim with the receiver, even if the claim is unliquidated or undetermined. Section 3(e) further provides in pertinent part that "[S]uch [third-party] claim may be approved ... if it may be reasonably inferred from the proof presented upon such claim that such person *would be able to obtain a judgment upon such cause of action against such insured.*" *Id.* (emphasis added).

■ A receiver may approve a claim only if the proof reasonably suggests that the claimant would be able to obtain a judgment against the insured. We interpret this language to mean that at the time the claimant files a claim against the receiver, the cause of action against the insured must not be time-barred. Should a receiver reject a claim despite the claimant's proof of a viable cause of action against the insured, the claimant must bring suit against the receiver within three months after service of the rejection notice; otherwise the rejection is final and unreviewable. § 3(h).

The Receiver contends that because his liability derives wholly from the insured's, he may assert any affirmative defense that would be available to an insured at the time suit is brought against a receiver. We disagree.

■ From our reading of these sections, we believe that the timely filing of a claim with a receiver guarantees the claimant's subsequent right to sue on the rejected claim within the three-month time limit. We hold that the timely filing of a claim with a receiver fixes the relative rights of the claimant and the receiver for purposes of any later judicial determination of whether the claim, when presented, was time-barred. Thus, the claimant's showing in court that his claim was, when presented to the receiver, supported by a viable cause against the insured renders the subsequent

expiration of the statute of limitations against the insured irrelevant to whether the claimant can prevail against the receiver.

■ The filing of a claim with a receiver is a prerequisite to suing on a claim against the insolvent insurer. *Holt v. Wheeler,* 301 S.W.2d 678, 680 (Tex.Civ.App.–Galveston 1957, writ dism'd). However, nothing in Article 21.28 or the cases interpreting it requires a separate action against an insured as a prerequisite to suit against the receiver. The Receiver invites us to impose a duty on claimants to file a separate suit against an insured solely to toll the statute of limitations against a receiver. This we decline to do.

■ Though the statute does not prohibit dual suits, it certainly does not mandate them. We note that a claimant need not secure. a judgment against the insured in order to prevail in a suit against a receiver. *See Langdeau v. Pittman,* 337 S.W.2d 343, 355 (Tex.Civ.App.–Austin 1960, writ ref'd n.r.e.) (at time that appellate court affirmed judgment against receiver, claimants had yet to secure judgment against insureds). Furthermore, even were such a judgment against an insured taken after commencement of the delinquency proceedings, it would be inadmissible in a later suit as evidence of either the insured's liability or the amount of damages. *See* § 3(e); *see also Langdeau,* 337 S.W.2d at 347.

We find no justification for construing Article 21.28 to require a claimant to perform the potentially useless act of suing an insured. Since a claimant need not obtain a judgment against the insured in order to prevail against a receiver, and since such a judgment could not be evidence of liability in a suit against a receiver, only two reasons could exist for a claimant to sue the insured: (1) to preserve a right of action against an insured for damages beyond the policy limits, and (2) to toll the statute of limitations so the claimant can proceed in a wholly separate suit against a receiver. Naturally, the law does not compel the former. Nor do we see any reason to demand the latter, the results of which would be useless clogging of dockets and imposition of unnecessary expense for both claimants and insureds.

■ In addition to his derivative liability argument, the Receiver asserts that the policies underlying the statute of limitations support the summary judgments granted below. Limitations statutes protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990). The purpose of a statute of limitations is to establish a point of repose and to terminate stale claims. *Id.* Our holding in no way undermines these considerations.

Requiring a claimant to file a claim with a receiver within the limitations period governing the underlying cause of action insures the timeliness of claims. The search for truth begins when the claim is filed; a receiver then has every incentive to expeditiously gather and consider all the facts needed to approve or reject the claim. This same data will be available to a receiver defending a suit on a rejected claim.

Finally, because no Texas court has directly addressed this issue, the Receiver offers as authority for his position two Florida cases that have considered the question now before us. We find these cases unpersuasive. In the first, *Peoples v. Florida Insurance Guaranty Ass'n, Inc.,* 313 So.2d 40 (Fla.Dist.Ct.App.1975), *cert. denied,* 327 So.2d 34 (Fla.1976), the opinion nowhere indicates whether the claimants actually filed their claim with the receiver while they still retained a cause of action against the insured. The second case, *Troso v. Florida Insurance Guaranty Ass'n, Inc.,* 538 So.2d 103 (Fla.Dist.Ct. App.1989), is distinguishable due to significant differences between Texas and Florida

procedure.[3]

## CONCLUSION

Based on our reading of Article 21.28, we find that Bailey and Moses properly preserved their right to sue the Receiver on their rejected claims. Therefore, we reverse the judgments of the trial courts and remand the causes to those courts for trials on the merits.

**3.** The *Troso* court dismissed the claimants' suit against the receiver because they had failed to timely implead the insurer in the claimants' action against the insured. Texas law generally prohibits joinder of a liability insurer in an action against the insured. Tex.R.Civ.P. 51(b); *Langdeau v. Pittman,* 337 S.W.2d at 355.