Ruby Mae **OWENS**, Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

No. 05–96–01096–CV.

Court of Appeals of Texas,
Dallas.

June 4, 1998.

Charles L. Hoedebeck, Charles L. Hoedebeck, P.C., Irving, for Appellant.

Charles H. Clark, Tyler, for Appellee.

Before MALONEY, JAMES and MOSELEY, JJ.

## OPINION

MALONEY, Justice.

The trial court divided $39,900 among five persons injured in an automobile accident in an interpleader action filed by Allstate Insurance Company. In one point of error, Ruby Mae Owens contends the trial court lacked subject matter jurisdiction over the case. We agree. We vacate the trial court's judgment and dismiss the trial court's cause number 93–374.

## BACKGROUND

John Jefferson was involved in a three-car accident. Allstate insured Jefferson.

His liability insurance policy had policy limits of $20,000 per person and $40,000 per occurrence. Owens was one of six passengers in Jefferson's automobile claiming injuries as a result of the collision. Owens's medical bills totaled approximately $74,000. The five other passengers incurred combined medical bills totaling approximately $42,000.

About one month after the collision, Allstate filed a petition for interpleader and tendered $39,900[1] into the registry of the court. Allstate's petition named Owens and the other injured persons as defendants and requested the court to divide the money between the defendants. Owens answered and moved for dismissal for want of subject matter jurisdiction. The trial court denied Owens's motion. The trial court held a hearing to determine the defendants' injuries and damages.

Although Owens testified at the hearing, she refused to accept any monies from the registry. The court entered judgment allocating $39,900 among the injured passengers, but allocated "$0" to Owens. Additionally, the trial court's judgment ordered that the defendants receive the amounts specified in full and final settlement of any and all claims that they may have against Allstate *and* Jefferson. The judgment further absolved Allstate and Jefferson of all liability as follows:

> ALLSTATE INSURANCE COMPANY and its insured, JOHN A. JEFFERSON ... are fully Released, Acquitted and Forever Discharged of and from any liability whatsoever to the Defendants ... by reason of the injuries which have been sustained or might be sustained by reason of the incident made the basis of this suit ... except for the recovery ordered hereby and contemplated within this Final Judgment[.]

1. Before Allstate filed the petition in interpleader, the driver of one of the other vehicles involved in the accident settled his claim for

## SUBJECT MATTER JURISDICTION

In a single point of error, Owens contends that the trial court lacked subject matter jurisdiction over the interpleader action. Owens argues Allstate had no standing to sue her, no controversy existed between Allstate and her, and the case between Allstate and her, if any, was not yet justiciable.

Allstate responds that the trial court had jurisdiction over the action because, as a stakeholder facing rival claims, it was eligible to interplead funds under the policy under rule 43 of the rules of civil procedure. We disagree.

### 1. Applicable Law

■ Rule 43 provides that persons having claims against a plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to multiple liability. TEX.R. CIV. P. 43. Before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court. *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). Subject matter jurisdiction requires that the party bringing suit have standing, that a live controversy exists between the parties, and that the case be justiciable. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–46 (Tex.1993). To establish standing, a party must show (1) a real controversy exists between the parties, and (2) the controversy will be actually determined by the judicial relief sought. *State Bar of Texas*, 891 S.W.2d at 245. An injured third party cannot sue the tortfeasor's liability insurance company directly until the tortfeasor's liability has been finally determined by agreement or judgment. *Angus*

$100. This reduced Allstate's remaining liability for the occurrence to $39,900.

*Chem. Co. v. IMC Fertilizer, Inc.,* 939 S.W.2d 138, 138 (Tex.1997).

### 2. Application of Law to Facts

When Allstate filed its petition for interpleader, Jefferson's liability to any persons injured in the three-car collision had not been determined. Because Jefferson was not legally responsible to pay any of the defendants at the time of the interpleader petition, Allstate had no obligation to Owens or any other defendant. Thus, no controversy existed between Allstate and any of the defendants.

Because Allstate owed Owens nothing under Jefferson's policy, Owens could not be a claimant against Allstate. Allstate was not a party to a pending dispute with Owens or any other injured party. Although rule 43 allows an insurance company that was or may become exposed to multiple liability to interplead and join *claimants* as defendants, Owens was not a claimant against Allstate. We conclude that the rules authorizing an interpleader action do not apply.

The absence of a real controversy defeats standing and justiciability. Consequently, the trial court lacked subject matter jurisdiction over the cause. *Texas Ass'n of Business,* 852 S.W.2d at 444. We sustain Owens's point of error. Accordingly, we vacate the trial court's judgment and dismiss the trial court's cause number 93–374. *See City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985).