# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00764-CV

**Bobby Webb, Appellant**

**v.**

**Texas Property and Casualty Insurance Guaranty Association, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN303708, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 1998, while driving through Louisiana, appellant Bobby Webb was involved in an accident caused by a vehicle driven by Leroy Shiloh. Shiloh was employed by and acting in the course and scope of his employment with CX Transportation, a subdivision of TIC United Corporation, which is a Texas resident. In March 1999, Webb sued Shiloh and CX Transportation in a Louisiana district court, and TIC United appeared on behalf of CX Transportation, submitting to the jurisdiction of the Louisiana court. While that suit was pending, TIC United filed for bankruptcy in Texas. While TIC United's bankruptcy proceeding was pending, Webb amended his lawsuit to add as a defendant Reliance National Insurance Company, TIC United's insurer, which had home offices in Wisconsin and administrative offices in New York. Thereafter, Reliance National was declared an impaired insurer by the Pennsylvania Department of Insurance.

In September 2003, Webb filed this suit against appellee the Texas Property and Casualty Insurance Guaranty Association ("the Association"), asserting a right to recover under the Texas Property and Casualty Insurance Guaranty Act ("the Guaranty Act" or "the Act"). *See* Tex. Ins. Code Ann. art. 21.28-C (West Supp. 2004-05). The Association filed a plea to the jurisdiction, asserting that Webb lacked standing to sue the Association, basing its argument on the general rule that an injured third-party lacks standing to sue an insurer until liability is established. *See Owens v. Allstate Ins. Co.*, 996 S.W.2d 207, 208 (Tex. App.—Dallas 1998, pet. denied). The Association further argued that there was no justiciable controversy without a determination of Reliance National's legal obligation to pay damages and that without that determination, Webb was seeking an improper advisory opinion. Webb countered that he need not show that he would be able to bring a direct action against Reliance National because the language of the Guaranty Act provides for a direct action against the Association and an action against TIC United would be a waste of time and resources. The trial court granted the Association's plea and dismissed the case. Webb appeals, contending that he should be allowed to proceed directly against the Association without being required first to obtain a judgment against TIC United, which is bankrupt and whose insurer is in liquidation. Webb contends that the Association is obligated to pay his "covered claim" and that requiring him to obtain a judgment against TIC United would thwart the purposes of the Guaranty Act. We affirm the trial court's order granting the plea to the jurisdiction.

**Standard of Review**

A plea to the jurisdiction seeks the dismissal of a cause of action without regard to the merits of the claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In

2

reviewing the granting of a plea to the jurisdiction, we liberally construe the pleadings in favor of jurisdiction and look to the plaintiff's intent. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of San Angelo v. Smith*, 69 S.W.3d 303, 305-06 (Tex. App.—Austin 2002, pet. denied). To prevail on its plea to the jurisdiction, the defendant must show that, assuming all factual allegations in the plaintiff's pleadings are true, there is a jurisdictional defect apparent on the face of the pleadings that would be impossible to cure. *Smith*, 69 S.W.3d at 305. In deciding a plea to the jurisdiction, the trial court should hear evidence as necessary to the jurisdictional issues, but the plaintiff is not required to preview his case on the merits to establish jurisdiction. *Blue*, 34 S.W.3d at 554-55.

Subject-matter jurisdiction refers to the kind of controversies a court has authority to hear, authority conferred by constitution, statutes, and the pleadings. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). Subject-matter jurisdiction includes the issues of standing and ripeness. *Perry v. Del Rio*, 66 S.W.3d 239, 249 (Tex. 2001) (ripeness); *Blue*, 34 S.W.3d at 553-54 (standing). Standing implicates the Texas Constitution's open courts provision, which contemplates court access only for litigants suffering an injury. *Texas Ass'n of Bus.*, 852 S.W.2d at 444. "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Id.* at 446 (quoting *Board of Water Engineers v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955)). Ripeness is one aspect of justiciability. *Perry*, 66 S.W.3d at 249. In examining the ripeness of a claim, we determine whether a dispute has matured to a point warranting a court decision, asking

3

whether the claim involves uncertain or contingent future events. *Id*. An opinion issued in an unripe case is an improper advisory opinion because it addresses only hypothetical injuries and does not remedy actual or imminent harm. *See Texas Ass'n of Bus.*, 852 S.W.2d at 444. A claimant seeking to establish ripeness need only show that the facts have developed sufficiently that injury is imminent or likely. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000).

**Discussion**

On appeal, Webb asserts that the Guaranty Act provides him, an injured third-party, a direct cause of action against the Association. *See* Tex. Ins. Code Ann. art. 21.28-C. The Association argues that Webb is barred from bringing this suit by both standing and ripeness considerations. Neither party disputes that there has been no judicial determination of liability against CX Transportation, TIC United, or any related entity. The record does not reflect whether Reliance National made any kind of coverage decision before being declared impaired, and it does not appear that Webb filed a claim with Reliance National's receiver or that the receiver or any other responsible party has made any coverage determination.

Article 21.28-C is to be construed with article 21.28. *See Berkel v. Texas Prop. & Cas. Ins. Guar. Ass'n*, 92 S.W.3d 584, 588 (Tex. App.—Austin 2002, pet. denied); *Chandler v. Jorge A. Gutierrez, P.C.*, 906 S.W.2d 195, 199 (Tex. App.—Austin 1995, writ denied). Under article 21.28, which governs the liquidation, reorganization, and conservation of insolvent insurers, a receiver stands in place of an insolvent insurer. *Eagle Life Ins. Co. v. Hernandez*, 743 S.W.2d 671, 671 (Tex. App.—El Paso 1987, writ denied); *see* Tex. Ins. Code Ann. art. 21.28 (West Supp. 2004-

4

05). If a liquidation, rehabilitation, or conservation order is entered, all parties with claims against the insolvent insurer must submit their claims to the receiver within the time frame provided by the court. Tex. Ins. Code Ann. art. 21.28, § 3(a). To sue a receiver for a rejected claim, a party must provide proof that it timely filed its claim with the receiver. *Chandler*, 906 S.W.2d at 199.

The Guaranty Act is intended to "provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment" and to "avoid financial loss to claimants or policyholders because of the impairment of an insurer." Tex. Ins. Code Ann. art. 21.28-C, § 2; *see Chandler*, 906 S.W.2d at 199. The Guaranty Act is required to pay "covered claims" against an insolvent insurer, Tex. Ins. Code Ann. art. 21.28-C, §§ 2, 8(a), and is to "undertake to discharge the policy obligations" of an impaired insurer as far as those obligations are covered by the Act, *id*., § 8(b), but the Association is not considered to be in the business of insurance or to have assumed the impaired insurer's liabilities. *Id*. Article 21.28 specifically includes unliquidated or undetermined claims in its provisions for filing claims with a receiver. *Id*. art. 21.28, § 3(d). The Guaranty Act, however, does not refer to unliquidated or undetermined claims in its definition of a "covered claim." *Id*. art. 21.28-C, § 5(8). A "covered claim" is "an unpaid claim of an insured or third-party liability claimant that arises out of and is within the coverage." *Id*.

Webb acknowledges that generally an injured third-party claimant cannot sue an insurer directly until there has been a determination of the insured's liability and, therefore, the insurer's obligation to pay the claim. *See Moxon v. Ray*, 81 S.W.2d 488, 489 (Tex. 1935); *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App.—Austin 2002, no pet.); *Owens*, 996 S.W.2d at 208.

5

He likens his situation to that of the claimant in *Bailey v. Brodhead*, however, and argues that under *Bailey's* logic, he should be allowed to proceed with a direct action against the Association without first obtaining a judgment against TIC United. *See* 838 S.W.2d 922 (Tex. App.—Austin 1992, no writ).

In *Bailey*, an injured third-party claimant filed a claim with an insolvent insurer's receiver within the timetable set out by article 21.28. *Id*. at 924. The receiver rejected the claim, and the claimant sued within the statutorily mandated timetable. *Id*. The receiver then asserted a limitations defense, arguing that, although the claim and lawsuit were timely filed under article 21.28, the two-year statute of limitations had run as to the claimant's claim against the insured. *Id*. Because the claimant no longer had a viable claim against the insured, the receiver argued that it had no obligation to pay the claim. *Id*. We held that because the statute allows for the filing of a claim with a receiver and a claimant need not obtain a judgment against the insured to win a suit against a receiver, it was not necessary to sue the insured, a "potentially useless act," before suing on a claim timely filed with and rejected by the receiver. *Id*. at 925. Instead, the timely filing of the claim with the receiver tolled the running of limitations as to a claim against the insured and defeated the receiver's defense of limitations. *Id*.

First, we note that the claims in *Bailey* were brought pursuant to article 21.28, not under the Guaranty Act. *Id*. at 925. Second, Bailey sued the receiver, not the Association. *Id*. at 924. Finally, the suit was brought after the receiver made a liability and coverage determination and rejected the claim. *Id*. Article 21.28 allows a claimant to bring an action against a receiver after the

6

rejection of a claim. Tex. Ins. Code Ann. art. 21.28, § 3(h). The Guaranty Act contains no such provisions for an action against the Association.[1] Thus, *Bailey* is distinguishable from this case.

As we discussed in *Berkel*, the Guaranty Act was intended to provide funds "that *a receiver may draw upon* to pay covered claims." 92 S.W.3d at 588 (emphasis added). The Association is charged with investigating, compromising, settling, and paying claims owed by an impaired insurer as required by statute. *Id.* at 589. However, it is for a receiver to initially approve or reject a claim filed against an insurer, and, if the claim is covered by a guaranty fund, refer the claim to the appropriate guaranty association for processing. *Id.* at 590-91 & n.4 (citing Tex. Ins. Code Ann. art. 21.28, § 3(h), (i)). The Association must pay "covered claims." *Id.* at 591 (citing Tex. Ins. Code Ann. art. 21.28-C, § 8(a)). In other words, a claimant must first file his claim with the receiver, who determines whether the claim is covered. If the receiver rejects the claim, the claimant may then proceed against the receiver in the receivership court. *See* Tex. Ins. Code Ann. art. 21.28, § 3(h); *Berkel*, 92 S.W.3d at 590; *Bailey*, 838 S.W.2d at 925. If the receiver determines the claim is covered by the fund created under the Act, he or she should then refer the claim to the Association for payment. Tex. Ins. Code Ann. art. 21.28, § 3(i); *Berkel*, 92 S.W.3d at 588. The receiver, not the Association, makes factual determinations as to what claims are covered. *Berkel*, 92 S.W.3d at 590 (receiver's "determination is final and binding unless set aside in the manner authorized by the statutes").

---

[1] The "actions" referred to in the Act relate to actions taken by the Association and allow aggrieved insurers to appeal such actions to the Commissioner of Insurance; final actions or orders by the commissioner are subject to judicial review in Travis County. *See* Tex. Ins. Code Ann. art. 21.28-C, §§ 9(f)(3), 10(f), (g) (West Supp. 2004-05).

This Court has held that a suit brought against the Association by an injured third-party should be dismissed where it is clear that the third-party could not maintain a claim against the insurer. *See Woods v. Texas Prop. & Cas. Ins. Guar. Assn'n*, No. 03-01-00138-CV, 2001 Tex. App. LEXIS 8067, at *6-7 (Austin Dec. 6, 2001, pet. denied) (not designated for publication); *Rodriguez v. Texas. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-98-00518-CV, 1999 Tex. App. LEXIS 6910, at *7-8 (Austin Sept. 10, 1999, no pet.) (not designated for publication). *Woods* and *Rodriguez* involved similar factual situations—in both cases, the third-parties settled their disputes with the insureds, signing releases that vitiated all claims against the insureds. 2001 Tex. App. LEXIS 8067, at *3-4; 1999 Tex. App. LEXIS 6910, at *4-5. In *Woods*, the Association intervened in the receivership proceeding in order to assume its statutory duty to process covered claims in the impaired insurer's estate. 2001 Tex. App. LEXIS 8067, at *2. After Woods signed the release, the Association moved for summary judgment arguing that Woods no longer had a viable claim against the insureds. *Id.* at *2-3. In *Rodriguez*, the plaintiffs obtained an agreed judgment of liability on the part of the insureds and then filed a claim in the receivership proceeding for the impaired insurer. 1999 Tex. App. LEXIS 6910, at *3, 5-6. The receivership court rejected the claims, and the plaintiffs then sued the Association, which moved for summary judgment on the grounds that by signing a release as part of the agreed judgment, the plaintiffs gave up any claim they had against the insureds. *Id.* at *5-7. We held that the releases of liability defeated any suits against the receivers *or* the Association because the third-parties no longer had any viable claims against the insureds. 2001 Tex. App. LEXIS 8067, at *6-7; 1999 Tex. App. LEXIS 6910, at *7-8.

We recognize that the situation here is different—Webb has not released CX Transportation or TIC United from liability.[2] However, neither *Woods* nor *Rodriguez* is inconsistent with our holding today and we believe that the logic underlying those cases carries some weight in this case. The plaintiffs in *Woods* and *Rodriguez* could not succeed in their suits against the receivers or the Association—the facts showed that their claims against the insureds had no merit because the insureds were no longer liable to the plaintiffs. In other words, without liability by the insureds, the Association, through the receivers, had no duty to the plaintiffs. Webb has not sought to have the insureds' liability determined by the receiver and, thus, has not established that his claims are covered so as to trigger an Association duty.[3] The statute does not allow a third-party to skip the filing of a claim with the receiver and proceed with direct action against the Association without any finding of liability having been made. *See* Tex. Ins. Code Ann. art. 21.28-C, § 8; *Berkel*, 92 S.W.3d at 590. Therefore, Webb's suit against the Association is premature and not justiciable.[4]

---

[2] Both *Woods* and *Rodriguez* involved claims filed by injured third-parties in receivership proceedings. *Woods v. Texas Prop. & Cas. Ins. Guar. Assn'n*, No. 03-01-00138-CV, 2001 Tex. App. LEXIS 8067, at *2-3 (Austin Dec. 6, 2001, pet. denied) (not designated for publication); *Rodriguez v. Texas. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-98-00518-CV, 1999 Tex. App. LEXIS 6910, at *3-5 (Austin Sept. 10, 1999, no pet.) (not designated for publication).

[3] Although Reliance National was not based in or declared impaired in Texas, nothing in the statutes allows a direct suit against the Association in situations involving non-Texas insurers.

[4] Webb asserts that he "will no doubt face a waiver claim if he makes any representation to the bankruptcy court . . . that he will not seek to enforce a judgment against" TIC United. However, case law provides that an injured third-party may agree not to enforce a judgment against an insured and still proceed against the insurer, as long as the third-party does not release the insured from all liability. *Compare Horton v. State Dep't of Ins. Receiver J. Robert Hunter*, 905 S.W.2d 59, 62 (Tex. App.—Austin 1995, no writ) (third-party settled with insured and signed covenant not to execute judgment in exchange for assignment of insured's rights to proceed against insurer and receiver; held that agreement not to enforce does not vitiate all claims against insured and third-party may therefore proceed against receiver), *with Pool v. Durish*, 848 S.W.2d 722, 723-24 (Tex. App.—Austin 1992,

## Conclusion

Webb is correct that the Association is obligated to pay "covered claims" and that such claims can include claims made by third-parties. However, as discussed above, the Association does not make an independent determination of which claims are "covered." We hold that a third-party claimant against an impaired insurer may not pursue a direct claim against the Association until it is shown that a determination has been made as to whether the claim is a "covered claim." Without such a determination, there is no justiciable dispute or controversy between Webb and the Association. We therefore affirm the trial court's granting of the Association's plea to the jurisdiction.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: June 8, 2005

---

writ denied) (third-party settled and executed "full, complete and final discharge and release" of insured; held that due to release, third-party retained no claim against insured or, therefore, insurer).