TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




ON MOTION FOR REHEARING







NO. 03-03-00764-CV






Bobby Webb, Appellant


v.


Texas Property and Casualty Insurance Guaranty Association, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. GN303708, HONORABLE DARLENE BYRNE, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N



 Appellee Texas Property and Casualty Insurance Guaranty Association has filed a
"motion to clarify," asking that we issue a revised opinion. Because the motion requests a new
opinion and, therefore, a new judgment, we will treat the motion as a motion for rehearing. We grant
the motion for rehearing, withdraw our opinion and judgment dated June 8, 2005, and substitute the
following opinion.

 In 1998, while driving through Louisiana, appellant Bobby Webb was involved in an
accident caused by a vehicle driven by Leroy Shiloh. Shiloh was employed by and acting in the
course and scope of his employment with CX Transportation, a subdivision of TIC United
Corporation, which is a Texas resident. In March 1999, Webb sued Shiloh and CX Transportation
in a Louisiana district court, and TIC United appeared on behalf of CX Transportation, submitting
to the jurisdiction of the Louisiana court. While that suit was pending, TIC United filed for
bankruptcy in Texas. While TIC United's bankruptcy proceeding was pending, Webb amended his
lawsuit to add as a defendant Reliance National Insurance Company, TIC United's insurer, which
had home offices in Wisconsin and administrative offices in New York. Thereafter, Reliance
National was declared an impaired insurer by the Pennsylvania Department of Insurance.

 In September 2003, Webb filed this suit against appellee the Texas Property and
Casualty Insurance Guaranty Association ("the Association"), asserting a right to recover under the
Texas Property and Casualty Insurance Guaranty Act ("the Guaranty Act" or "the Act"). See Tex.
Ins. Code Ann. art. 21.28-C (West Supp. 2005). The Association filed a plea to the jurisdiction,
asserting that Webb lacked standing to sue the Association, basing its argument on the general rule
that an injured third-party lacks standing to sue an insurer until liability is established. See Owens
v. Allstate Ins. Co., 996 S.W.2d 207, 208 (Tex. App.--Dallas 1998, pet. denied). The Association
further argued that there was no justiciable controversy without a determination of Reliance
National's legal obligation to pay damages and that without that determination, Webb was seeking
an improper advisory opinion. Webb countered that he need not show that he would be able to bring
a direct action against Reliance National because the language of the Guaranty Act provides for a
direct action against the Association and that an action against TIC United would be a waste of time
and resources. The trial court granted the Association's plea and dismissed the case. Webb appeals,
contending that he should be allowed to proceed directly against the Association without being
required first to obtain a judgment against TIC United, which is bankrupt and whose insurer is in
liquidation. Webb contends that the Association is obligated to pay his "covered claim" and that
requiring him to obtain a judgment against TIC United would thwart the purposes of the Guaranty
Act. We affirm the trial court's order dismissing the cause.


Standard of Review

 A plea to the jurisdiction seeks the dismissal of a cause of action without regard to
the merits of the claims. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). In
reviewing the granting of a plea to the jurisdiction, we liberally construe the pleadings in favor of
jurisdiction and look to the plaintiff's intent. Texas Ass'n of Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993); City of San Angelo v. Smith, 69 S.W.3d 303, 305-06 (Tex.
App.--Austin 2002, pet. denied). To prevail on its plea to the jurisdiction, the defendant must show
that, assuming all factual allegations in the plaintiff's pleadings are true, there is a jurisdictional
defect apparent on the face of the pleadings that would be impossible to cure. Smith, 69 S.W.3d at
305. "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency
and the plaintiff should be afforded the opportunity to amend." County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002). In deciding a plea to the jurisdiction, the trial court should hear
evidence as necessary to the jurisdictional issues, but the plaintiff is not required to preview his case
on the merits to establish jurisdiction. Blue, 34 S.W.3d at 554-55.

 Subject-matter jurisdiction refers to the kind of controversies a court has authority
to hear, authority conferred by constitution, statutes, and the pleadings. CSR Ltd. v. Link, 925
S.W.2d 591, 594 (Tex. 1996). Subject-matter jurisdiction includes the issues of standing and
ripeness. Perry v. Del Rio, 66 S.W.3d 239, 249 (Tex. 2001) (ripeness); Blue, 34 S.W.3d at 553-54
(standing). Standing implicates the Texas Constitution's open courts provision, which contemplates
court access only for litigants suffering an injury. Texas Ass'n of Bus., 852 S.W.2d at 444. "The
general test for standing in Texas requires that there '(a) shall be a real controversy between the
parties, which (b) will be actually determined by the judicial declaration sought.'" Id. at 446
(quoting Board of Water Engineers v. City of San Antonio, 283 S.W.2d 722, 724 (Tex. 1955)). 
Ripeness is one aspect of justiciability. Perry, 66 S.W.3d at 249. In examining the ripeness of a
claim, we determine whether a dispute has matured to a point warranting a court decision, asking
whether the claim involves uncertain or contingent future events. Id. An opinion issued in an unripe
case is an improper advisory opinion because it addresses only hypothetical injuries and does not
remedy actual or imminent harm. See Texas Ass'n of Bus., 852 S.W.2d at 444. A claimant seeking
to establish ripeness need only show that the facts have developed sufficiently that injury is imminent
or likely. Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 852 (Tex. 2000).


Discussion

 On appeal, Webb asserts that the Guaranty Act provides him, an injured third-party,
a direct statutory cause of action against the Association. See generally Tex. Ins. Code Ann. art.
21.28-C. The Association argues that Webb is barred from bringing this suit both by (1) standing
because the Act does not allow for a third-party who has not obtained a judgment or settlement
establishing the insured's liability to file a claim against the insurer or against the Association and
(2) by ripeness because without a settlement or judgment establishing liability, there is no justiciable
controversy. Neither party disputes that there has been no judicial determination of liability against
CX Transportation, TIC United, or any related entity. The record does not reflect (1) that Reliance
National made any kind of coverage decision before being declared impaired; (2) that Webb filed
a claim with Reliance National's receiver or the Association; or (3) that the receiver, the Association,
or any other entity has made any coverage or liability determination.

 The general rule in Texas is that an injured third party "cannot sue the tortfeasor's
insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment." 
Angus Chem. Co. v. IMC Fertilizer, Inc., 939 S.W.2d 138, 138 (Tex. 1997); Great American Ins.
Co. v. Murray, 437 S.W.2d 264, 265 (Tex. 1969); Owens, 996 S.W.2d at 208; see also Pool v.
Durish, 848 S.W.2d 722, 723 (Tex. App.--Austin 1992, writ denied) (general rule is that party who
releases insured from liability retains no cause of action against insurer because insured must be
liable for injury before insurer can be held liable). Webb does not assert that he would somehow be
able to bring an action against Reliance National before obtaining some determination of liability
on the part of CX Transportation. He contends instead that article 21.28-C gives him a statutory
right to sue the Association without first obtaining a judgment against CX Transportation.

 The Guaranty Act, article 21.28-C of the insurance code, is intended to "provide a
mechanism for the payment of covered claims under certain insurance policies to avoid excessive
delay in payment" and to "avoid financial loss to claimants or policyholders because of the
impairment of an insurer." Tex. Ins. Code Ann. art. 21.28-C, § 2; see Chandler v. Jorge A.
Gutierrez, P.C., 906 S.W.2d 195, 199 (Tex. App.--Austin 1995, writ denied). Formerly, article
21.28 governed the liquidation, reorganization, and conservation of insolvent insurers and operated
alongside the Guaranty Act. Berkel v. Texas Prop. & Cas. Ins. Guar. Ass'n, 92 S.W.3d 584, 588
(Tex. App.--Austin 2002, pet. denied); Chandler, 906 S.W.2d at 199; see former Tex. Ins. Code
Ann. art. 21.28. (1) The Guaranty Act was initially formed to provide funds "that a receiver may draw
upon to pay covered claims," and under the old version of the Act, a claimant had to first file his
claim with the receiver, and then, if the receiver rejected the claim, proceed against the receiver in
the receivership court. Berkel, 92 S.W.3d at 588, 590; Bailey v. Brodhead, 838 S.W.2d 922, 925
(Tex. App.--Austin 1992, no writ); see former Tex. Ins. Code Ann. art. 21.28, § 3(h). If the receiver
determined the claim was covered by the Act's fund, he or she was to refer the claim to the
Association for payment. Berkel, 92 S.W.3d at 588; see former Tex. Ins. Code Ann. art. 21.28,
§ 3(i). The receiver, not the Association, determined what claims were covered. Berkel, 92 S.W.3d
at 590.

 In 1991, however, the legislature substantially reworked the Guaranty Act and
changed the Association's duties and responsibilities. The Association, which is required to pay
"covered claims" against an insolvent insurer, is now charged with investigating, compromising,
settling, and paying claims owed by an impaired insurer. (2) Tex. Ins. Code Ann. art. 21.28-C, § 8(a),
(d); Berkel, 92 S.W.3d at 589. The Association is to "undertake to discharge the policy obligations"
of an impaired insurer as far as those obligations are covered by the Act. Tex. Ins. Code Ann. art.
21.28-C, § 8(b). In other words, the Association now fills the role formerly filled by a receiver. (3)
However, the Association "shall not be considered to be in the business of insurance, shall not be
considered to have assumed or succeeded to any liabilities of the impaired insurer, and shall not be
considered to otherwise stand in the shoes of the impaired insurer for any purpose." Id.

 Webb acknowledges that generally an injured third-party claimant cannot sue an
insurer directly until there has been a determination of the insured's liability and, therefore, the
insurer's obligation to pay the claim. See Moxon v. Ray, 81 S.W.2d 488, 489 (Tex. 1935); Jones v.
CGU Ins. Co., 78 S.W.3d 626, 629 (Tex. App.--Austin 2002, no pet.); Owens, 996 S.W.2d at 208. 
However, he likens his situation to that of the claimant in Bailey and argues that under that logic, he
should be allowed to proceed with a direct action against the Association without first obtaining a
judgment against TIC United. In Bailey, which was governed by the pre-1991 statutes and brought
under article 21.28, governing receivers, not the Association, an injured third-party claimant timely
filed a claim with an insolvent insurer's receiver and, when the claim was rejected, timely filed suit
against the receiver. 838 S.W.2d at 924. The receiver asserted a limitations defense, arguing that,
although the claim and lawsuit were timely filed, the statute of limitations had run as to the
claimant's claim against the insured. Id. Because the claimant no longer had a viable claim against
the insured, the receiver argued that it had no obligation to pay the claim. Id. We held that because
the statute allowed for the filing of an unliquidated claim with a receiver and a claimant need not
obtain a judgment against the insured to win a suit against a receiver, it was not necessary to sue the
insured, a "potentially useless act," before suing on a claim timely filed with and rejected by the
receiver. Id. at 925. Instead, the timely filing of the claim tolled the running of limitations as to a
claim against the insured and defeated the receiver's defense of limitations. Id. (4)

 Under the old statutory scheme, a third-party claimant filed its claims with a receiver
and proceeded against the receiver if the claims were wrongfully denied. See id. Under the new
scheme, however, the Association, not a receiver, manages claims against an impaired insurer. See
generally Tex. Ins. Code Ann. art. 21.28-C. Article 21.28 included unliquidated or undetermined
claims in its provisions for filing claims with a receiver, see Bailey, 838 S.W.2d at 924 (citing former
art. 21-28, § 3(d), (e)), but the Act does not refer to unliquidated claims in its definition of "covered
claims." (5) See Tex. Ins. Code Ann. art. 21.28-C, § 5(8). Article 21.28 provided a claimant the right
to sue a receiver after the rejection of a claim, Bailey, 838 S.W.2d at 924 (citing. former art. 21.28,
§ 3(h)), but the Act does not have similar language providing for a direct action against the
Association.

 We sympathize with Webb's situation, in which he finds himself attempting to sue
the insured and the insurance company, both of which have filed for bankruptcy. However, we
believe that the general rule requiring a liability determination, and not the holding in Bailey, should
apply to this case for two reasons. First, the claims in Bailey were brought pursuant to article 21.28
and the old scheme, not the Guaranty Act. Id. at 925. Further, the suit in Bailey was brought after
the receiver made a liability and coverage determination and rejected the claim, and article 21.28
specifically allowed a claimant to sue a receiver after the rejection of a claim. See id. at 924-25
(citing former art. 21.28, § 3(h)). The Guaranty Act contains no such provisions for an action against
the Association, and Webb has not shown that he even filed a claim and obtained a liability
determination or rejection by the Association.

 We recognize that the Act's stated purpose is to avoid financial loss to claimants due
to an insurer's impairment. See Tex. Ins. Code Ann. art. 21.28-C, § 2(2). However, under the
statute's language and against the general framework applied to insurance companies and third-party
claims and given these circumstances, we hold that Webb does not have the right to a direct action
against the Association. The trial court properly determined that Webb lacks standing and a
justiciable claim. We overrule Webb's issue on appeal.


Conclusion

 Webb is correct that under the post-1991 statutory scheme the Association is
obligated to pay "covered claims." However, the Bailey exception does not apply under the Act to
allow a direct right of action by a third-party against the Association before liability has been
judicially determined. Without some determination of liability, there is no "covered claim" that the
Association is required to pay. We affirm the trial court's granting of the Association's plea to the
jurisdiction.



 __________________________________________

 David Puryear, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: December 2, 2005
1. In 2005, the legislature repealed article 21.28 effective September 1, 2005, and enacted
chapter 21A of the insurance code, titled, "Insurer Receivership Act." See Act of May 30, 2005, 79th
Leg., R.S., ch. 995, §§ 1, 9, 10, 2005 Tex. Gen. Laws 3307, 3362.
2. A "covered claim" is "an unpaid claim of an insured or third-party liability claimant that
arises out of and is within the coverage." Tex. Ins. Code Ann. art. 21.28-C, § 5(8) (West Supp.
2005).
3. See Global Santa Fe Corp. v. Texas Prop. & Cas. Ins. Guar. Ass'n, 153 S.W.3d 150, 152-53 (Tex. App.--Austin 2004, pet. denied) (Association claims examiner determined that injured
third-party's claims "qualified as a covered claim under the Act and recommended that the
Association" pay $300,000 towards settlement); Lopez v. Texas Prop. & Cas. Ins. Guar. Ass'n, 990
S.W.2d 504, 505-06 (Tex. App.--Austin 1999, no pet.) (holding that Association may review
settlements, releases, and judgments to determine whether to contest them); Texas Prop. & Cas. Ins.
Guar. Ass'n v. Boy Scouts, 947 S.W.2d 682, 690-63 (Tex. App--Austin 1997, no writ) (holding that
Association could review settlements to determine whether they may be contested); see also Woods
v. Texas Prop. & Cas. Ins. Guar. Ass'n, No. 03-01-00138-CV, 2001 Tex. App. LEXIS 8067, at *4
(Tex. App.--Austin Dec. 6, 2001, pet. denied) (not designated for publication) ("as the statutory
successor to certain 'covered claims' against the receivership estate of the impaired insurer, the
Guaranty Association is a proper party to any pending litigation involving a covered claim"); Texas
Prop. & Cas. Ins. Guar. Ass'n v. Webb, No. 03-99-00293-CV, 2000 Tex. App. LEXIS 905, at *18-20
(Tex. App.--Austin Feb. 10, 2000, no pet.) (not designated for publication) (noting that in 1992,
receivers' duties of administering, evaluating, and paying claims were transferred to Association and
stating that legislature clearly intended Association to fulfill policy obligations of impaired insurers).
4. We noted that article 21.28 (1) specifically allowed a third-party to file an unliquidated
claim with a receiver; (2) allowed a receiver to pay such claims if the proof reasonably suggested that
the third-party would be able to obtain a judgment against the insured; and (3) required the claimant
to sue the receiver within three months after a claim was rejected. Bailey v. Brodhead, 838 S.W.2d
922, 924-25 (Tex. App.--Austin 1992, no writ) (citing former Tex. Ins. Code Ann. art. 21.28, § 3(e),
(h)). We held that because a claimant need not obtain judgment against an insured to prevail against
a receiver and because any such judgment would not prove liability in a suit against the receiver,
there was no reason to require the claimant to sue the insured. Id. at 925.
5. Indeed, we note that in its definition of "covered claims," the Act specifically provides that
a "'[c]overed claim' shall not include, and the association shall not have any liability to an insured
or third-party liability claimant, for its failure to settle a liability claim within the limits of a covered
claim." Tex. Ins. Code Ann. art. 21.28-C, § 5(8) (West Supp. 2005).